IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11082
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES MICHAEL LAWRENCE, a/k/a
Mike Lawrence, a/k/a Mitchell Lawrence,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:96-CR-326-3
_____
May 18, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Michael Lawrence has appealed the sentence imposed by
the district court following entry of his guilty plea to count 1 of
an indictment charging him with conspiracy to possess with intent
to distribute methamphetamine. Lawrence contends that the district
court erred in determining that he was a manager or supervisor in
the conspiracy and in imposing a 3-level increase in offense level
pursuant to U.S.S.G. § 3B1.a(b). Because Lawrence did not object

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the district court to the upward adjustment, we review this issue for plain error. See United States v. Mitchell, 31 F.3d 271, 278 (5th Cir. 1994). The district court's finding as to Lawrence's role in the offense was not plainly erroneous. See id. Lawrence contends that he was entitled to a reduction in offense level under the "Safety Valve" provision of U.S.S.G. § 5C1.2. Lawrence concedes that this provision does not apply to defendants who are found to be managers or supervisors under § 3B1.1. Lawrence contends that the government failed to prove that the conspiracy dealt in d-Methamphetamine, as opposed to 1-Methamphetamine, which is less severely punished under the guidelines. See United States v. O'Bryant, 136 F.3d 980, 981-82 (5th Cir. 1998). The district court's implicit finding that the conspiracy was dealing in d-Methamphetamine was not clearly erroneous. The judgment is

A F F I R M E D.